JUDGE DAVID GUADERRAMA

1. UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

2023 JAN 20  AM 10: 56

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

| | |
|---|---|
| BARBARA SILVA, | § § § |
| Plaintiff, | § § |
| v. | § § |
| PALMER ADMINISTRATIVE SERVICES, INC, a Delaware Corporation | § § § |
| Defendant. | § § § |

EP23CV0029

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff BARBARA SILVA ("Plaintiff") is a natural person and a resident of the Western District of Texas and was present in the El Paso County of Texas for all calls.

2. Defendant PALMER ADMINISTRATIVE SERVICES, INC ("Palmer") is a corporation organized and existing under the laws of Delaware and can be served via registered agent Corporation Service Company dba CSC-Lawyers Inco at 211 E. 7th Street Suite 620, Austin, TX 78701.

### JURISDICTION AND VENUE

3. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

4. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 302.101 because these claims arise from the

1

same nucleus of operative fact, i.e., Defendant's telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

5. This Court has specific personal jurisdiction over Defendants because they conduct business in the Western District of Texas where the events giving rise to this lawsuit occurred. Defendant intentionally directed phone calls into Texas and mailed Plaintiff a contract to her Texas home address.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conducts business in the state of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## FACTUAL ALLEGATIONS

7. Plaintiff personally registered her cell phone number ending in -8790 on the National Do-Not-Call Registry in February 2022.

8. Plaintiff's phone number was successfully registered to the National Do-Not-Call Registry at all times relevant to this Complaint.

9. Plaintiff received three (3) phone calls in December 2022 to her personal phone number ending in -8790 by an unknown caller soliciting car guarantee services.

10. On December 1, 2022, Plaintiff received the first call from phone number 936-284-5358 to her personal phone ending in -8790. Plaintiff answered the phone and was met with a telemarketer with a foreign accent soliciting a car warranty. The phone call dropped after trying to get transferred from the telemarketer to another agent.

11. On December 7, 2022, Plaintiff received another phone call. This time the phone call came from phone number 979-340-4452. Plaintiff answered the phone and was again

2

solicited for a car warranty. The call dropped before Plaintiff could successfully purchase the car warranty policy.

12. On December 13, 2022, Plaintiff received another phone call from phone number 704-486-8090 with a representative stating his name as "Michael" from "auto warranty services." Michael asked Plaintiff questions about her car: year, model, mileage, and other qualifying questions.

13. In order to discover the source of the persistent robocalls, Plaintiff went through the process and purchased the car warranty.

14. Plaintiff received the car warranty she purchased in the mail and found that it contained Defendant Palmer's contact information.

15. Plaintiff did not want or need car warranty services but purchased the warranty for the sole purpose of uncovering the identity of the unknown caller.

16. Each and every call Plaintiff answered was met with a delayed silence of about 3-4 seconds before hearing an audible "beep" and being connected to a telemarketer.

17. Table A displays the unauthorized calls made by Defendant.

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1 | 12/1/2022 | 8:27 | 936-284-5358 | Call Dropped |
| 2 | 12/7/2022 | 10:29 AM | 979-340-4452 | Call Dropped |
| 3 | 12/13/2022 | 9:44 AM | 704-486-8090 | Purchased car warranty |

18. On December 5, 2022, Plaintiff searched the Texas Secretary of State website https://direct.sos.state.tx.us/telephone/telephonesearch.asp and did not find a valid Texas Solicitation Registration as required by Texas Business and Commerce Code 302.101.

3

19. Through understanding and belief, Defendant did not have a valid Texas Solicitation Registration on file during the time of the calls in question.

20. Defendant Palmer does not qualify for an exemption under TX Bus. Com. Code 302.101.

21. No emergency necessitated the calls.

22. Plaintiff has limited data storage capacity on her cellular telephone. Incoming telemarketing calls consumed part of this capacity.

### Plaintiff's cell phone is a residential phone number

23. The calls in question were to Plaintiff's personal cellular phone ending in -8790 that she uses for personal, family, and household needs. Plaintiff maintains no landline phones at her residence and has not done so for at least 10 years. Plaintiff primarily relies on her cell phone to communicate with friends and family as well as for navigation purposes and sending and receiving emails/text messages.

### Violations of the Texas Business and Commerce Code § 302.101

24. The actions of the defendants violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having registration certificate and bond on file with the Texas Secretary of State.

25. Under Texas Business and Commerce Code § 302.302(a) Plaintiff is entitled to seek damages of up to $5000 per violation of § 302.101.

### INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
### AS A RESULT OF THE CALLS

26. Plaintiff has been denied the use of her phone, enjoyment of her phone, and had the functionality of her phone decreased because of unnecessary charging, erosion of phone memory, and had her privacy invaded by the harassing robocalls.

4

27. Defendant's calls harmed the Plaintiff by causing the very harm that Congress sought to prevent a "nuisance and invasion of privacy."

28. Plaintiff has been annoyed, harassed, and irritated by robocalls placed by Defendant.

29. Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone by placing unwanted telemarketing calls to Plaintiff.

## FIRST CAUSE OF ACTION

### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 C.F.R. § 64.1200(C))

32. Defendants called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

33. Plaintiff was statutorily damaged at least thirty-two (32) times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the telephone calls described above, in the amount of $500 per call.

34. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## SECOND CAUSE OF ACTION

### (Violations of The Texas Business and Commerce Code 302.101)

30.  Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

31. The foregoing acts and omissions of Defendant and/or its affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 302.101, by making non-

5

registered solicitation calls to Plaintiff's cellular telephone number without her prior express written consent.

32. Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. Texas Business and Commerce Code 302.302(a).

33. Plaintiff is entitled to an award of all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees and attorney's fees. Texas Business and Commerce Code 302.302.(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Barbara Rios prays for judgment against the defendant jointly and severally as follows:

A.    Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.    A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

C.    An injunction enjoining Defendant and its affiliates and agents from engaging in the unlawful conduct set forth herein;

D.    An award of $1500 per call in statutory damages arising from the TCPA § 227(c) intentional violations jointly and severally against the corporation and individual for 3 calls;

E.    An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101;

F.    An award to Mrs. Rios of damages, as allowed by law under the TCPA;

    G.    An award to Mrs. Rios of interest, costs and attorneys' fees, as allowed by law and equity

    H.    Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

January 20, 2023                                  Respectfully Submitted,

*/s/ Barbara Silva*

BARBARA SILVA
Plaintiff, Pro Se
8749 Coloma Cir
El Paso, TX 79907
915-887-8790
Bbrios16@outlook.com